## Files Estate

*James F. Lawler* and *Cyril D. Brain*, for petitioners.

*Andrew J. Banyas, III*, and *Walter Faderewski*, for respondents.

McKENNA, *P. J.*, November 25, 1974—This case is before us on preliminary objections to two petitions presented to the court: first, a petition to set aside decedent's will, and second, a petition to review our adjudication of June 20, 1973, distributing assets of the estate to the beneficiaries named in the will. The objections assert that there are certain deficiencies in the pleadings filed by counsel for appellants, petitioners.

John Files died on April 27, 1972, a resident of Munhall, Allegheny County, Pa., leaving a will dated April 12, 1972. On May 12, 1972, the will was admitted to probate and letters testamentary were granted to Steve Tomko and Irene Sofilakanich, two of the executors named.

Decedent's will is typed on a printed form. It directs the payment of debts and that the balance be distributed in equal shares to Emil Hancharik, Cherie Ann Hancharik, Denise Marie Hancharik of McKeesport, and Steve Tomko, Marie Proden, Rose Paylok and Irene Sofilakanich of Munhall. The will

is signed by mark and witnessed by George W. Proder and George Tomchik, Jr.

On November 2, 1972, an inventory was filed showing personalty of $67,938.12 and realty in Munhall which was sold for $13,100. On April 27, l973, a first and final account was filed, showing a balance for distribution of $57,861.61. This came before the court for audit and, on June 20, 1973, a decree was handed down awarding the balance in equal shares to the seven legatees named in the will. The share of each amounted to $8,145.13. The balance on hand was distributed by the executors in June of 1973.

Petitioners herein are Polina Jurievna Filesh and Maria Jurievna Botosh, who represent themselves as the widow and daughter, respectively, of one Iuriy Iurievich Filesh, and his only heirs at law. Iuriy is alleged to be the brother and only heir of John Files. Iuriy died on April 12, 1973. During his lifetime, one Cyril Brain, Esquire, as substitute attorney-in-fact for Iuriy, had filed an appeal from the probate of the will of John Files on the ground of lack of testamentary capacity and undue influence by the legatees. No power of attorney authorizing Mr. Brain to act as such an attorney was executed by Iuriy in his lifetime. Mr. Brain filed a suggestion of the death of Mr. Filesh, and on January 4, 1974, the court authorized Mr. Brain to withdraw his appeal. The order was made without prejudice. The appeal was never formally withdrawn by Mr. Brain.

On April 26, 1974, a second appeal from probate of decedent's will was filed by James Francis Lawler, substituted attorney-in-fact for Polina Jurievna Filesh and Maria Jurievna Botosh. The

petition is sworn to by Mr. Lawler. Mr. Brain's appearance is entered on the face of the appeal. There is no document attached to same which indicates Mr. Lawler's authority to proceed with the litigation. A bond was filed with the appeal. This is signed by James Francis Lawler and by an attorney-in-fact for the surety, United States Fire Insurance Company.

On May 3, 1974, a petition sur appeal was filed by appellants by their attorneys-in-fact, Wolf Popper Ross Wolf and Jones (hereinafter referred to as "Wolf Popper.") This pleading was signed "Wolf Popper by James Francis Lawler." It is sworn to by Mr. Lawler as substitute attorney-in-fact.

On the same day, May 3, 1974, a petition for review of the adjudication of June 20, 1973, was filed by the same parties.

The two petitions aver substantially the same facts, which are summarized in the following indented paragraph.

> Polina Filesh and Maria Botosh are the only heirs of Iuriy Filesh, who was the sole heir of John Files. They reside in the Soviet Union. Thus, they are parties in interest in the estate of John Files. At the time of execution of his will, John Files was of unsound mind. He was subjected to undue influence in the making of his will by the executors and by the legatees. These parties represented to testator that his heirs in Russia were deceased, and that even if they were alive, they would receive no inheritance from him. These representations were not true. Petitioners will prove their allegations by the testimony of several named nurses of Elder Nursing Home. On May 8, 1973, counsel for petitioners, Mr. Lawler, notified the attorney

for the estate that he represented the heirs of John Files. On March 9, 1973, the attorney for the estate wrote to Mr. Lawler stating that the estate amounted to about $80,000, and that he expected to file an account shortly. He enclosed a copy of decedent's will. Thereafter, Mr. Lawler was given no notice of the filing of the account, of the audit, or of the distribution.

There is a copy of a power of attorney attached to each of the above described petitions. There is no certificate attached thereto stating that it is a true and correct copy. This indicates that Polina Jurievna Filesh and Maria Jurievna Botosh, residing in the U.S.S.R., being the heirs at law of their husband and father, Iuriy Iurievich Filesh, who died in the U.S.S.R. in 1973, heir of John Files, who died in Pennsylvania, appoint Wolf Popper and their substitute as their attorneys-in-fact for a period of three years.

The document authorized Wolf Popper or their substitute:

". . . to do any and all acts or things whatsoever or necessary for the purpose of collecting damages, awards, insurance, and benefits arising by reason of the death of said deceased . . ." (i.e. Iuriy Filesh, heir of John Files).

This was acknowledged before the U.S. Consul at Moscow on February 5, 1974. The Consul certified that Polina Jurievna Filesh and Maria Jurievna Botosh, personally known to him to be the individuals described, executed said instrument.

On June 3, 1974, the legatees filed preliminary objections to the petition to set aside the will and to the petition for review of our adjudication of June 20, 1973. These are quite lengthy and detailed.

The grounds stated are, in substance, as follows:

1. The petitions are not signed by a party in interest;

2. There is no document which shows that James Francis Lawler is the substitute attorney-in-fact for the petitioners;

3. The certificate of acknowledgment before the U.S. Consul is defective;

4. The bond attached to the appeal is not adequate;

5. The return of service is not in accord with the rule of court governing same;

6. The petition for review is premature;

7. The estate has already been distributed;

8. Petitioners are guilty of laches;

9. They are also barred on the ground that Iuriy Filesh died without having perfected an appeal from probate; and

10. The allegation as to forgery is insufficient.

There are four sets of preliminary objections, as three legatees filed same, and four filed other similar objections. These parties, through their respective attorneys, filed objections to the petition sur appeal from probate and to the petition for review, making in all four objections. Answers to these were filed on April 13, 1974. We will discuss the objections in the order stated.

## 1. THE PARTIES IN INTEREST

The legatees complain that the identities of petitioners as parties in interest have not been established. Polina and Maria have alleged that they are the only heirs of Iuriy Filesh, decedent's brother. This is a sufficient allegation of interest. Petitioners still carry a heavy burden to prove the statements. This objection will be dismissed.

## 2. THE AUTHORITY OF JAMES FRANCIS LAWLER

Mr. Lawler has alleged that he is the substitute attorney-in-fact for petitioners. He must, at the trial, produce evidence of his authority to act, but we find that his allegation to this effect is sufficient. There is no objection to his acting as attorney and as attorney-in-fact. The language in the power of attorney is sufficiently broad to authorize Mr. Lawler to present the two petitions herein. This objection will be dismissed.

## 3. THE CERTIFICATE OF ACKNOWLEDGMENT

The certificate of acknowledgment before the U.S. Consul is in accord with the requirements stated in Demczuk Est., 444 Pa. 212 (1971). It is signed by the two petitioners and acknowledged before the U.S. Consul, who certified that said parties appeared before him, were known to him to be the individuals named and that they executed the power of attorney voluntarily. The consul stated in the document that he informed petitioners of the contents of same. There is no certificate attached to the acknowledgment to the effect that it is a true and correct copy of the original. This may be produced at the hearing. There is no requirement that original documents be attached to pleadings. Copies may be used. The legatees complain that there is not attached to the power a sworn statement that the translation from the Russian to the English language is true and correct. The document is bilingual. The English used is original. No affidavit as to accuracy is required. The objections to the certificate of acknowledgment will be dismissed.

## 4. THE BOND

We find that the bond filed with the appeal is adequate. It was accepted by the register of wills. It is true that Mr. Lawler recites that he is a resident of Allegheny County, which is not the case; and that the bond does not recite that the surety is bound. The fact that the surety company signed the bond by an agent makes it liable thereon. There is no requirement that Mr. Lawler be a resident of Allegheny County. His allegation to the effect that he is a resident of this county is harmless error. The preliminary objection to the bond will be dismissed.

## 5. THE RETURN OF SERVICE

Both of the citations in question were served by one Edward C. Walsh. In his affidavits of service in each case, he states as follows:

"Edward C. Walsh, being duly sworn, doth depose and say that he served the within citation on 1.) Emil J. Hancharik, 15160 East Street, N. Huntington Township, Pa. on May 19, 1974 . . ."

There follow nine other names, addresses, and dates of service. The names include those of the other legatees under the will and three attorneys.

Orphans' Court Rule 11, sec. 4(a), requires that proof of personal service of the citation shall be by affidavit of the person making service, and that:

"It shall set forth the date, time, place, and manner of service and that true copies of the citation and petition were handed to the respondent."

Here, the return is deficient in that it does not state the time of service or that copies of the citation and petition were handed to respondents to comply with the rule, if, in fact, copies of the petition and

citation were handed to the respondents. The return may be amended. This objection will be sustained.

## 6. TIMING OF PETITION FOR REVIEW

A petition for review of an adjudication or a decree of distribution may be filed within five years after the final confirmation of an account of a personal representative. In the case at bar, the account was confirmed and distribution ordered in June of 1973. The petition for review was filed well within the statutory period. The basis of the petition is the perpetration of fraud in the procurement of the decree. The details of the alleged fraudulent conduct have been spelled out with sufficient particularity. Thus, the petition will lie here. The legatees argue that the decree of distribution is regular on its face and that it cannot be determined if it is in error until the will contest has been decided. Therefore, they assert that the petition for review is premature. We do not agree. The grounds alleged in the petition for review and in the appeal from probate are the same: namely, lack of testamentary capacity, undue influence and fraud. If this is proved, the will must be set aside and the decree of distribution opened and changed. The two petitions may be filed and prosecuted concurrently.

## 7. THE EFFECT OF DISTRIBUTION

The fact that distribution has occurred is not necessarily a bar to the prosecution of the two petitions before us. Section 3521 of the Probate, Estate and Fiduciaries Code of June 30, 1972 (no. 164), 20 Pa. C. S. §3521, does provide that:

". . . no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. "

Notwithstanding this language, a fiduciary may be held accountable if he has been guilty of fraud. The legatees may likewise be held liable if they have engaged in fraudulent conduct benefiting themselves. On the other hand, if they or any of them, are innocent parties, they may be protected by the decree of distribution. The question cannot be determined preliminarily, but must be decided after a hearing. This objection will be dismissed.

## 8. LACHES

Counsel for appellants notified counsel for the estate of John Files on March 8, 1973, that he represented the brother of the decedent. He did not then make any claim on behalf of Iuriy that John's will was invalid and that Iuriy was entitled to the estate. Counsel for the estate replied on March 9, 1973, that he intended to file an account shortly and he enclosed in his letter a copy of John's will. The attorney for Iuriy was silent concerning the estate until he filed the first appeal on December 3, 1973. We believe it was incumbent on counsel for Iuriy to make a formal demand on representatives of the estate. His letter does not do this, nor does it ask for notice of the audit. Under the circumstances, the attorney for the Files estate was justified in closing it and in distributing the assets. Nevertheless, in view of the serious charges made against the legatees, we do not believe that the heirs should be foreclosed without a hearing. We will afford to counsel for appellants an opportunity to justify the

delay. Their pleadings ascribe this to the difficulty of communicating with Russian residents. This objection will be dismissed.

## 9. ESTOPPEL

Appellees argue that appellants are estopped on the ground that Iuriy Filesh did not perfect an appeal from probate in his lifetime. They also maintain that there is no proof of the death of Iuriy in the record.

It may be that Iuriy accepted the provisions of the will in his lifetime. If this is the case, petitioners' appeal from probate must be dismissed. Also, if Iuriy is alive, he is the real party in interest and petitioners have no standing. They have, however, alleged that they have such an interest in decedent's estate as will entitle them to appeal. They must prove their allegations but we will not dismiss the petitions filed on this ground.

## 10. FORGERY

In the petition to set aside the will, appellants allege in paragraph 5, as follows:

"It was averred that the signature of the decedent by an 'X' was a forgery by an unknown person."

A similar averment is made in the petition to review the adjudication of June 20, 1973. These averments are totally inadequate and the charge of forgery must be stricken unless appellants are able to amend their allegation so as to bring same within the requirements of our law. See Beringo Will, 10 Fiduc. Rep. 656 (1960). Appellants must state the name or names of the persons who are alleged to have published the forged document or the cir-

cumstances under which it was executed. The averments in the case at bar are totally insufficient. The objection to the allegation as to forgery will be sustained, and petitioners will be afforded an opportunity to amend their pleading.

## CONCLUSION

The only evidence of the interest of the two petitioners herein are their signatures on a power of attorney, a copy of which has been attached to the two petitions in question here. We believe, however, that their substitute attorney-in-fact had authority to execute the appeal, the bond and the petitions.

In reaching our conclusion, we relied in part on the opinion of Chadwick, *P. J.*, in Leathem's Est., 54 D. & C. 73 (1945). On page 78 he said:

"However this may be, this court will be found to be impatient with unwarranted averments of this sort; but it would be very much more impatient with any such fact as forgery in connection with testamentary writings. Some delay will be caused, and some expense involved, in exploring an accusation of forgery; but much more harm would be caused if we fail to examine the facts in any case where the suspicion is based upon formal averments in an appeal from probate."

The preliminary objections will be sustained to the extent we have indicated and the remaining objections will be dismissed. The petitioners will be allowed 30 days in which to amend their pleadings.